(122 So. 807)

## SOVEREIGN CAMP, W. O. W., v. TUCKER.
### (6 Div. 6.)

Supreme Court of Alabama. May 23, 1929.

Rehearing Denied June 20, 1929.

C. H. Roquemore, of Montgomery, for appellant.

H. M. Abercrombie and Edgar Allen, both of Birmingham, for appellee.

SAYRE, J. A statement of the issues in this cause may be found in the report of a former appeal. 215 Ala. 509, 110 So. 901. On that appeal it was held that defendant, appellant, was entitled to the general affirmative charge—this, on the ground that, after the suspension of deceased for the reason that he had failed to pay the assessments necessary to the continued life of the benefit certificate, deceased had failed in his efforts to procure a reinstatement, and so that he had no policy at the time of his death.

Special plea 7, as last amended, appears in the report of the case. The trial court sustained plaintiff's demurrer to this plea. Perhaps the plea was not all it ought to have been, but the objection now urged against the sufficiency of the plea is that, "For aught that appears from the plea this money was returned to the plaintiff after the death of the insured, her husband, and after the liability had attached." Neither this nor any other ground which should have been sustained was taken in the demurrer on file. Conceding, however, for the argument, that some of the grounds stated gave at least a strong hint of the alleged defect, on fair construction the plea must be taken to allege that all the facts therein set forth occurred before the death of the insured, and, anticipating this conclusion, most likely, appellee's alternative contention is that the case was in fact tried as upon the issue presented by this plea. The facts alleged in this plea were very clearly proved with this exception, that defendant offered no evidence that its local clerk told Tucker [insured] that the policy—meaning the renewal policy in suit which defendant's local clerk had delivered to insured—would not be valid unless he (Tucker) furnished the defendant with a doctor's certificate certifying that he (Tucker) was in good health. Plaintiff was allowed, over defendant's objection, to testify that defendant's local clerk said nothing to

insured about a health certificate, but if defendant offered any evidence to the contrary, it does not appear in the bill of exceptions which purports to contain all the evidence. Defendant was entitled to have the case tried on the issues as the court's ruling had caused them to be framed. In this state of the record it cannot be affirmed that the parties tried the case in the court below as if the issues defendant sought to raise by plea 7 were before the court. It results that for error in sustaining plaintiff's demurrer to defendant's plea 7 the judgment must be reversed.

The record is in such shape that we think it best not to discuss other assignments of error.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.